BENJAMIN GIDDINGS, *apt. v.* BENJAMIN HADAWAY.

### *Award. Boundary.*

An award defining a boundary will be defeated by proof that there were no such monuments as are referred to in the award, for the purpose of locating the boundary.

But a want of certainty in the award in this respect alone, will not affect another portion of the same award, determining that one party had trespassed upon the land of the other, and awarding to the latter party his damages and costs, though the trespass was upon the same land to which the disputed boundary had reference.

DEBT on an award. Plea, *nil debet;* trial by the court, September Term, 1855,—PIERPOINT, J., presiding.

The plaintiff gave in evidence an agreement of submission, signed by the parties, in the words following:

" Whereas, differences have arisen, and a suit is now pending between Benjamin Giddings and Benjamin Hadaway, both of Poultney, which said differences relate to land lines, between the said Giddings and Hadaway, and to certain trees and timber cut down and taken away by the said Hadaway, from land claimed by Giddings to belong to him, and for the recovery of the value of the said timber and trees, the said suit is now pending in the Rutland county court. Now, then, to the end, and for the purpose of terminating said suit, and all controversy relating thereto, and having

their land lines settled and determined, and all damages in the premises awarded, the said Benjamin Giddings, and the said Benjamin Hadaway, hereby elect and make choice of Samuel P. Hooker, Joseph Joslin and Joseph Parks, for arbitrators, to hear and fully award in the premises. And the said Benjamin Giddings and Benjamin Hadaway hereby agree to, and with each other to stand to, to abide by, and perform in all things the award that said arbitrators shall make and publish in the premises, and the said arbitrators shall assess, and allow to the party in whose favor they make the award, all the taxable costs in said suit, and the costs and taxable expenses of said arbitration."

The plaintiff also gave in evidence a writing, signed by, and purporting to be the award of said arbitrators, which, after referring to the submission, was in the words following :

" Now know ye that we, the arbitrators in said agreement mentioned, having heard the proofs and allegations of the parties, and examined the matters in controversy by them submitted, do make their award in writing, that is to say, that the east and west line, (which was the only one in controversy,) between the farms of the said Giddings and Hadaway, is a line commencing at the southwest corner of the ' three rod jog,' and thence running east in the north line of the Widow Solomon Giddings' dower, and in the same course, until it reaches the east line of the said Giddings' farm; and that the said Hadaway pay to the said Giddings, twelve dollars and fifty cents; and the costs of said suit, and the costs of·said arbitration."

The plaintiff also gave evidence to show that the costs of said suit, at the date of the award, amounted to $17.65, and that the costs of said award amounted to $18.94.

The defendant claimed that the whole of said award was void, because it was uncertain, in reference to the location of the line between the farms of the said Giddings and Hadaway, and that by, reason of that uncertainty, it did not settle or determine the principal matter submitted, and offered parol evidence to show, that the north line of the Widow Solomon Giddings' dower, mentioned in said award, was unknown and uncertain, and could not be ascertained, and that there was, in fact, no such north line, or monument as referred to in said award ; but the court excluded the evidence,

and held said award to be valid, and rendered judgment for the plaintiff to recover the sums above mentioned.

Exceptions by the defendant.

*B. Frisbie* and *J. S. Harris* for the defendant.

An award may be reduced to a certainty, by a reference to something outside, as to a written document, or the inspection of some particular house, land, or boundary, but if those referred to are in themselves uncertain, a party can have no remedy except to prove their uncertainty; nor can they be reduced to a certainty without proof. Cald. on Arb. 250–1.

Parol proof is admissible to invalidate an award. *Hewitt* v. *Furman,* 1 Met. & Perk. Dig. 222. 16 S. & R. 135.

*J. B. Beaman* and *E. Edgerton* for the plaintiff.

This suit is brought to recover the two bills of cost, and the $12.50 referred to in the award.

All this has no connection with the location of the line between the farms of the parties; and supposing that part of the award relating to this line, to be void, for uncertainty of description, yet the award is valid, as to the subject-matter of this suit, and was decided by this court to be so, at its February session, 1855. An award may be good in part, and bad in part. 3 Phil. Ev. 1027, 1028, 1029 and 1034.

The opinion of the court was delivered by

REDFIELD, CH. J. The evidence offered to show that the monuments referred to in the award, in defining the boundaries between the parties, did not exist, at the time of the award, was, no doubt, competent for the purpose of showing the uncertainty of the instrument; and the fact offered to be shown, which, for the purpose of this trial, is to be regarded as proved, would, no doubt, effectually defeat this portion of the award. For it is only on the supposition that the monuments referred to exist, and may be found, that such award can ever be regarded as sufficiently certain to be binding upon the parties. The evidence offered, therefore, was addressed to a fatal point, in regard to this portion of the award.

The only question, then, is, whether this portion of the award is susceptible of entire separation from the other portion of the

award. If so, the portion of the award sued upon may be held valid. The submission is of a pending suit for trespass upon lands, and cutting trees. We are justified, no doubt, in regarding it as the very land where the boundary was in dispute. But still the suit for the damages, although upon the land in dispute, had no necessary connection with settling the disputed boundary. The arbitrators must, indeed, decide where the line is, in order to determine the right of the plaintiff to move in the action. And there is nothing to raise any doubt, that the arbitrators did decide, or might have decided the line correctly. The defect in the award, in regard to the line is, not that the arbitrators may not have decided where the line was between the parties, and that correctly, but the defect, if any, upon the proof offered, is, that they have not correctly defined the boundary. There is no want of finality shown in the decision, but a want of certainty in the award,

The award upon the pending action, and giving damages and costs, has no more connection with the award, in regard to the boundary, than an action of trespass for cutting the trees, and an action of ejectment to recover the disputed land; or than separate submissions of the two subjects to the same arbitrators, or to different arbitrators.

The arbitrators, for anything which appears, or can fairly be inferred from the award upon the boundary, may have, and probably did determine the action understandingly, and made no stumble in that portion of the submission, but in defining that portion of the award which refers to the boundary, failed to point out intelligible monuments. The damages and costs had no connection with the boundary. The only thing which could, with any plausibility, be said to be connected with both parts of the award, is the fees of the arbitrators. But in regard to these, as the arbitrators must have determined where the line was, in order to decide the suit referred, and nothing more was to be done to decide the boundaries between the parties, than to define the line, by proper description of existing monuments, it can scarcely be supposed their fees were increased by that portion of the award, which is defective. This is a point not raised in the argument, and not sufficient to create any difficulty in separating the two parts of the award, as we think. Judgment affirmed.